UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
R. ALEXANDER ACOSTA,                    *
SECRETARY OF LABOR                      *
United States Department of Labor,      *
                            Plaintiff,  *
                                        *    CIVIL ACTION NO.: 3:18-cv-711
      v.                                *
                                        *
CARE AT HOME, LLC, DANIEL KARP, and     *
SUZANNE KARP,                           *
                            Defendants. *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

COMPLAINT

I.

Plaintiff brings this action to enjoin Defendants from violating 29 U.S.C. §§ 207, 211 and 215(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq,* herein called the Act, and to recover unpaid wages and liquidated damages pursuant to 29 U.S.C. §§ 215(a)(2) and 216(c).

II.

Jurisdiction of this action is conferred upon the Court by 29 U.S.C. § 217 of the Act and by 28 U.S.C. § 1345.

III.

Defendant Care at Home, LLC, is, and at all times hereinafter mentioned was, a limited liability company doing business as Care at Home, having an office and place of business at 239 Williams Street, Suite 1C2, New London, Connecticut 06320, within the jurisdiction of this Court,

1

and is now, and at all times hereinafter mentioned was, engaged at that place of business as a third party employer who, through its employees, provides personal care services to its aged and infirm clients.

IV.

Defendant Daniel Karp has an office and place of business at 239 Williams Street, Suite 1C2, New London, Connecticut 06320, within the jurisdiction of this court, and is now, and at all times hereinafter mentioned, an owner and corporate officer of Care at Home, LLC, and as such actively manages, supervises and directs the day-to-day business affairs and operations of said company.  Specifically, as an owner and corporate officer of Care at Home, Defendant Daniel Karp interviewed and hired personnel, determined their rates of pay and company policies, assigned duties and answered questions from employees regarding their pay.  Defendant Daniel Karp also determined the amount for food and lodging to deduct from the wages of Care at Home's employees.  As such, he acted at all times material herein directly and indirectly in the interest of Care at Home in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

V.

Defendant Suzanne Karp has an office and place of business at 239 Williams Street, Suite 1C2, New London, Connecticut 06320, within the jurisdiction of this court, and is now, and at all times hereinafter mentioned, the founder and an owner and corporate officer of Care at Home, LLC, and as such actively manages, supervises and directs the day-to-day business affairs and operations of said company.  Specifically, as an owner and corporate officer of Care at Home, Defendant Suzanne Karp interviewed and hired personnel, determined their rates of pay and company policies, assigned duties, answered questions from employees regarding their pay, and

determined schedules.  As such, she acted at all times material herein directly and indirectly in the interest of Care at Home in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

VI.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act.

VII.

From approximately November 12, 2015 and at all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.  Some individual employees of said enterprise, at all times hereinafter mentioned, have, in the course of providing personal care services to the aged and inform, handled goods such as breakfast food and medications that have been moved in interstate commerce.   Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

Further, said enterprise, since January 1, 2016, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, since January 1, 2016, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VIII.

From approximately November 12, 2015, Defendants are, and at all times hereinafter mentioned were, employing some employees who engaged in domestic service in private homes, and as such, such employees were engaged in interstate commerce per §§ 202(a) and 203(b) of the Act.

IX.

Defendants are, and at all times hereinafter mentioned were, employing employees engaged in domestic service, and they are, and at all times hereinafter mentioned were, required to pay overtime to such employees per § 207(l) of the Act and 29 C.F.R. § 552.109.

X.

Defendants have repeatedly violated the provisions of §§ 207 and 215(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.  For example, for the period of November 12, 2015 until December 31, 2015:  (1) for workweek ending November 28, 2015, approximately ten employees worked between approximately 48 and 112 hours and were paid straight time for all hours worked; (2) for workweek ending December 12, 2015, approximately eleven employees worked between approximately 47.56 and 112 hours and were paid straight time for all hours worked.

XI.

Defendants have repeatedly violated the provisions of §§ 207 and 215(a)(2) of the Act by taking improper deductions, resulting in a shortfall in wages to its employees from the period January 1, 2016 and through at least October 22, 2016.  After calculating the regular rate and overtime owed to its employees, Defendants deducted $33 per day ($11 for lodging and $22 for food), pursuant to its Non-Exempt Compensation Agreement, from the wages of its employees, ostensibly pursuant to 29 U.S.C. § 203(m).  These deductions were not supported by any records explaining the calculations for those deductions.   With regard to housing, Defendants repeatedly violated and are violating the Act by improperly deducting from the wages of its employees the value of housing, which was not primarily for the benefit of the employee, but was for the benefit of the employer.  The employees are and were on call to meet the client's needs and thus the housing served and serves the business purpose of Defendants.  Additionally, with regard to food, Defendants repeatedly violated and are violating the Act as follows:  Defendants kept no records of the fair value of the meals furnished to its employees, and thus the maximum credit allowed under 29 C.F.R. § 552.100(c) was approximately $10.88 per day, not $22 per day, as deducted by Defendants.

XII.

Defendants have repeatedly violated the provisions of §§ 211 and 215(a)(5) of the Act by failing to maintain records in two ways.  First, Defendants failed to maintain and preserve records substantiating the cost of furnishing lodging and food for its 29 U.S.C. § 203(m) deduction as required by 29 C.F.R. § 516.27.   Second, Defendants failed to maintain and preserve accurate records of employees' daily starting and stopping times, as required by 29 C.F.R. § 516.2(a)(7).  According to Defendants' policy, employees are required to report each day their work start times

and work stop times. For shifts of 24 hours or more, sleep time of eight hours is excluded and not compensated, when the employee has been provided an adequate sleeping facility and can generally enjoy an uninterrupted night's sleep. If their sleep is interrupted by work, pursuant to Defendants' policy, employees must report the time period of the interruption and employees are to be compensated for the duration of the interruption. If interruptions are so frequent that the employee cannot sleep for at least five uninterrupted hours, Defendants' policy states the entire sleep period will be considered work time and compensable. Some employees did report these interruptions in sleep to the Defendants. Defendants have not maintained any records to show the interruptions in sleep time that some employees reported even though these interruptions would necessarily affect each employee's daily starting and stopping times.

XIII.

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of §§ 207, 211, and 215(a)(2) of the Act, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of payment of overtime compensation found by the Court to be due employees under the Act.

XIV.

Plaintiff further seeks an award of liquidated damages equal in amount to the unpaid overtime compensation owed, as specifically authorized by § 216(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due employees listed in the attached Exhibit A, plus an equal amount as liquidated damages, and costs.

R. Alexander Acosta
Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Bldg., Room E-375
Boston, MA  02203
fromm.theresa@dol.gov
TEL: 617-565-2500
FAX: 617-565-2142

Michael D. Felsen
Regional Solicitor

*/s/Theresa Schneider Fromm*
Theresa Schneider Fromm
Senior Trial Attorney (PHV07689)

U.S. Department of Labor
Attorneys for Plaintiff