**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
EUGENE SCALIA, SECRETARY OF    :
LABOR, UNITED STATES DEPARTMENT :
OF LABOR,                       :
                               :
          Plaintiff,           :
                               :
            v.                 :  Civil No. 3:18-cv-711(AWT)
                               :
CARE AT HOME, LLC, DANIEL KARP, :
and SUZANNE KARP,              :
                               :
          Defendants.          :
------------------------------ x
```

**<u>RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

The Secretary of Labor, United States Department of Labor (the "Plaintiff") has moved for partial summary judgment against defendants Care at Home, LLC ("Care at Home") and Daniel Karp in this case brought under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et</u> <u>seq</u>. (the "FLSA"). The Plaintiff does not seek summary judgment against defendant Suzanne Karp. The Plaintiff seeks summary judgment on the following six issues:

(1) From November 12, 2015 until December 31, 2015 the defendants failed to pay the required overtime premium to certain of their employees who worked more than 40 hours in a workweek;

(2) The defendants owe their employees back wages in the amount of $19,301.18 for this 2015 overtime violation;

(3) Liquidated damages in the amount of $19,301.18 are warranted for this 2015 overtime violation;

(4) From January 1, 2016 and through at least October 23, 2016 the defendants deducted improper amounts from certain employees' wages for meals;

(5) The defendants are properly considered employers under § 3(d) of the FLSA; and

(6) The defendants violated the recordkeeping provisions of the FLSA by failing to maintain certain records supporting their deductions from employees' wages and failing to maintain complete records of employees' hours worked.

The Plaintiff also requests that the court enter certain orders directing the defendants to take, or restraining them from taking, certain actions. For the reasons set forth below, the Plaintiff's motion is being granted.

## I.   FACTUAL BACKGROUND

Defendant Care at Home is a limited liability company that provides personal care services to aged and infirm clients. These personal care services include non-medical care, such as transportation, meal preparation, light housekeeping, laundry, fall prevention, dressing, toileting, and mobility. Care at Home employed certain employees, including those at issue in this case, tasked with performing non-medical care for Care at Home clients

in the clients' homes. Those employees who perform non-medical care in the clients' homes are engaged in domestic service. Some Care at Home's employees stayed at clients' homes for 24 hours per day. These Care at Home employees who stayed at clients' homes for 24 hours were called 24-hour live-in employees. The defendants have stipulated to enterprise coverage under the FLSA for Care at Home.

Care at Home and Daniel Karp engaged in the related activities of providing personal care services through unified operation and common control in that Daniel Karp was an owner of Care at Home and controlled its operations by, among other things, setting pay rates, work schedules, and having the authority to hire, discipline, and fire employees. Care at Home and Daniel Karp had the common business purpose of providing personal care services to clients. Care at Home employed all of the employees at issue in this case.

Daniel and Suzanne Karp started the business and are the sole owners of Care at Home. Daniel Karp is a corporate officer of Care at Home. He has been, and still is, the only person at Care at Home who sets pay rates for all employees. Daniel Karp sets pay rates for clients, sets work schedules, was involved in determining the deductions from employees' wages for food and lodging, and he has the authority to hire, discipline, and fire employees. He is responsible for maintaining employee records for Care at Home.

On or about July 11, 2016, the U.S. Department of Labor, Wage and Hour Division commenced an investigation of the pay practices of Care at Home. The period covered by the investigation was from November 12, 2015 to October 23, 2016. During the investigation, Daniel Karp informed investigators that Care at Home had no independent contractors, subcontractors or day laborers.

The Wage and Hour Division's investigation found that from November 12, 2015 to December 31, 2015, Care at Home paid straight time wages to certain of its caregiving employees for hours worked over 40 hours per week, as opposed to the overtime premium. Care at Home and Daniel Karp have admitted that they paid straight time to caregivers for hours worked over 40 per week, including to employees at issue in this case, for the time period from November 12, 2015 to December 31, 2015.

In calculating the back wages owed for this 2015 overtime violation, the Wage and Hour Division used the defendants' payroll records. Those records show on their face that employees worked more than 40 hours in a workweek between November 12, 2015 and December 31, 2015 and were not paid the overtime premium required by the FLSA. In performing these back-wage calculations, the Wage and Hour Division used the total hours worked, if that information was available in the payroll records; if only full days worked as opposed to hours worked were reported on the payroll records, the Wage and Hour Division used a 16-hour workday for the 24-hour live-

-4-

in employees. In 2015 and 2016, the defendants compensated their 24-hour live-in employees for 16 hours of work per day, regardless of how many hours they worked. Based on the payroll records the defendants provided, the Wage and Hour Division determined that the defendants owe their employees a total of $19,301.18 in back wages for this 2015 overtime violation, as well as $19,301.18 in liquidated damages.

The Wage and Hour Division's investigation found that from January 1, 2016 to at least October 23, 2016, Care at Home deducted $33.00 per day for food and lodging from the wage of 24-hour live-in employees if those employees worked at least two or three live-in shifts per week. The defendants took the $33.00 deduction from an employee's wages only during workweeks when the employee worked more than 40 hours. At an informal conference during the investigation, Daniel Karp informed the Wage and Hour Division that $22.00 of the total deduction was for food. During the investigation, the defendants provided no records justifying the amount of their food and lodging-related deductions from the wages of 24-hour live-in employees, and the Wage and Hour Division determined that the $33.00 per day deductions were not permissible under the FLSA. Because the defendants provided no records justifying their deductions from employees' wages for food, in calculating the back pay owed to those employees the Wage and Hour

Division gave Care at Home the maximum allowable credit for food permissible under the regulations, which was $10.88 per day.

During the Wage and Hour Division's investigation, the agency found that the defendants failed to maintain and preserve certain records as required by the FLSA with respect to their calculations for the meal deduction. Daniel Karp doubts that he kept any records with respect to his calculations for the meal deduction. Also, he does not believe he kept any records with respect to his calculations for the lodging deduction.

For any documents the defendants failed to produce, the defendants are now prohibited by the court's Order Re Motion for Sanctions (ECF No. 105) from supporting any defenses or opposing any of the Plaintiff's claims based on any such documents, and from introducing into evidence or otherwise relying on any such documents.

## II.  LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to

the jury.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834
F.2d 54, 58 (2d Cir. 1987). Thus, the trial court's task is
"carefully limited to discerning whether there are any genuine
issues of material fact to be tried, not to deciding them. Its
duty, in short, is confined . . . to issue-finding; it does not
extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be
resolved is both genuine and related to a material fact. An issue
is "genuine . . . if the evidence is such that a reasonable jury
could return a verdict for the nonmoving party." Anderson, 477
U.S. at 248 (internal quotation marks omitted). A material fact is
one that would "affect the outcome of the suit under the governing
law." Id. at 248.

When reviewing the evidence on a motion for summary judgment,
the court must "assess the record in the light most favorable to
the non-movant and . . . draw all reasonable inferences in its
favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir.
2000) (quoting Delaware & Hudson Ry. Co. v. Consol. Rail Corp.,
902 F.2d 174, 177 (2d Cir. 1990)). Because credibility is not an
issue on summary judgment, the nonmovant's evidence must be
accepted as true for purposes of the motion. Nonetheless, the
inferences drawn in favor of the nonmovant must be supported by
the evidence. "[M]ere speculation and conjecture is insufficient

to defeat a motion for summary judgment." <u>Stern v. Trustees of Columbia Univ.</u>, 131 F.3d 305, 315 (2d Cir. 1997) (internal quotation marks omitted) (quoting <u>Western World Ins. Co. v. Stack Oil, Inc.</u>, 922 F.2d 118, 121 (2d. Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which [a] jury could reasonably find for the [nonmovant]." <u>Anderson</u>, 477 U.S. at 252.

Finally, the nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. <u>See</u> <u>Celotex Corp.</u>, 477 U.S. at 324. "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," <u>Weinstock</u>, 224 F.3d at 41, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts, . . . [and] must come forward with specific facts showing that there is a genuine issue for trial." <u>Aslanidis v. U.S. Lines, Inc.</u>, 7 F.3d 1067, 1072 (2d Cir. 1993)(quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." <u>Weinstock</u>, 224 F.3d at 41; <u>see also</u> <u>BellSouth Telecomms., Inc. v. W.R. Grace & Co.</u>, 77 F.3d 603, 615 (2d Cir. 1996) ("[I]t is insufficient for a party opposing

summary judgment merely to assert a conclusion without supplying supporting arguments or facts."). If the nonmovant fails to meet this burden, summary judgment should be granted.

## III. DISCUSSION

The Plaintiff has met his initial burden with respect to each of the six issues that are the subject of his motion. He has also shown that he is entitled to the requested injunctive relief.

### A.   **Issue One**

The Plaintiff seeks judgment as a matter of law with respect to the question of whether from November 12, 2015 to December 31, 2015 the defendants failed to pay the required overtime to certain of their employees who worked more than 40 hours in a workweek.

"Under the FLSA, employees who work more than 40 hours per week must be compensated for each hour worked over 40 at a rate not less than one and one-half times the regular rate at which he is employed." Young v. Cooper Cameron Corp., 586 F.3d 201, 204 (2d Cir. 2009)(internal quotation marks omitted)(quoting 29 U.S.C. § 207(a)(1)). "To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." Kuebel v. Black & Decker, 643 F.3d 352, 361 (2d Cir. 2011).

The Wage and Hour Division reviewed the defendants' payroll records and found that for the period from November 12, 2015 to

December 31, 2015 Care at Home paid straight time wages to certain
of its caregiving employees for hours worked over 40 hours per
week, as opposed to the overtime premium. The defendants had
constructive knowledge, at least, of that overtime worked from
their own payroll records. In addition, Daniel Karp admitted in
his deposition that Care at Home paid straight time to employees
for hours worked over 40 per week during that time period. While
the defendants contend that "the state of the law was uncertain",
they did not assert that they were unaware that employees who had
worked more than 40 hours in a workweek were not paid the overtime
premium. Defendants' Response to Plaintiff's Rule 56(a)(2)
Statement of Undisputed Material Facts, ECF No. 114, ("Defs.' Rule
56(a)(2) Statement") at ¶23.

   B.   **Issue Two**

     The Plaintiff seeks judgment as a matter of law with respect
to the question of whether the defendants owe their employees back
wages in the amount of $19,301.18 for this 2015 overtime violation.

     The Wage and Hour Division calculated the back wages owed for
the 2015 overtime violation using the defendants' payroll records
and utilized the methodology described above. The Wage and Hour
Division calculated that the total back wages owed to be
$19,301.18, and the defendants do not challenge either the
authenticity of the payroll records or the calculation of the
amount of overtime back wages. They merely assert that they do not

admit that the Wage and Hour Division's "[c]onclusion was legally correct." Id. at ¶28.

    **C.**    **Issue Three**

The Plaintiff seeks judgment as a matter of law with respect to the question of whether liquidated damages in the amount of $19,301.18 are warranted for this 2015 overtime violation.

Under 29 U.S.C. §216(c), an employer who violates the minimum wage and/or overtime provisions of the FLSA can be held liable for liquidated damages in addition to past due wages.  Under 29 U.S.C. §260, "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]. . .the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." "[T]he employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness." Reich v. S. New Eng. Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997)(internal quotation marks omitted). "Good faith, which [an] employer must show to avoid liquidated damages under [the] FLSA, requires more than ignorance of prevailing law or uncertainty about its development; it requires that [the] employer first take active steps to ascertain dictates of [the] FLSA and then move to comply with them." Id.

The defendants assert that "[w]hile it is technically true that Defendants' defense to liquidated damages for the November – December, 2015 overtime is based on 'ignorance of the law' in the literal sense, that is because the state of the law during this particular time period was in flux – hence why the U.S. Department of Labor took the position that it would not even always enforce the Rule during this exact same time period." Defs.' Rule 56(a)(2) Statement at ¶23. The defendants argue that "[i]t is against this backdrop that the Court should evaluate whether CAH can show it acted in good faith and had objectively reasonable grounds for believing that it would not be subject to a lawsuit for failure to pay overtime during the above-referenced. . . ." Defendants' Memorandum in Opposition to Plaintiff's Motion, ECF No. 117, ("Defs.' Memo"), at 5. Thus, while the defendants suggest that at trial they would be able to produce evidence establishing that they acted in good faith, i.e. that they took active steps to ascertain the dictates of the FLSA and moved to comply with them, they offer no such evidence in opposition to the motion for summary judgment. But to survive summary judgment, the defendants have the burden of creating a genuine issue of material fact now, not at some future time, and they have failed to produce evidence that could support a conclusion that they acted in good faith.

D.    <u>**Issue Four**</u>

The Plaintiff seeks judgment as a matter of law with respect to the fact that from January 1, 2010 through at least October 23, 2016 the defendants deducted improper amounts from certain employees' wages for meals.

Under 29 U.S.C. §3(m), the "'[w]age' paid to any employee includes the reasonable cost, as determined by the Administrator [of the Wage and Hour Division], to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." "The meaning and intent of this statutory language is clear: Congress explicitly authorized a wage paid by an employer to an employee to include the reasonable cost of lodging, board, and other facilities which confer similar benefits on employees, and which are customarily furnished by the employer to his employees." <u>Soler v. G. & U., Inc.</u>, 833 F.2d 1104, 1108 (2d Cir. 1987). "If an employer absorbs this expense for an employee, it is only equitable and reasonable that the employee 'reimburse' the employer from wages earned." <u>Id</u>.

Under 29 C.F.R. §516.27(a), "an employer who makes deductions from the wages of employees for board, lodging, or other facilities . . . shall maintain and preserve records substantiating the cost of furnishing each class of facility except as noted in paragraph (c) of this section." (Internal quotation marks omitted). During

-13-

the relevant period, Care at Home deducted $33 per day for food and lodging from 24-hour live-in employees' wages if those employees worked at least two or three live-in shifts per week. The defendants, however, provided no records justifying those deductions. Consequently, in calculating the back pay owed to those employees, the Wage and Hour Division gave Care at Home the maximum allowable credit permissible under applicable regulations, which was $10.88 per day. Although the defendants asserted that $22 of the total deduction was for food, they produced no records that justified allowing a meal credit of more than $10.88 per day per employee. Nor will they be able to produce such records in the future because of the court's order on sanctions, which precludes them from relying on any such documents.

### E.   Issue Five

The Plaintiff seeks judgment as a matter of law with respect to the fact that Care at Home and Daniel Karp are properly considered employers under §3(d) of the FLSA.

"To be held liable under the FLSA, a person must be an employer, which § 3(d) of the statute defines broadly as any person acting directly or indirectly in the interest of an employer in relation to an employee." RSR Sec. Servs., 172 F.3d 132, 139 (2nd Cir. 1999) (internal quotation marks omitted). "[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question, . . . with an eye to the economic

reality presented by the facts of each case." Id (internal citation omitted). Care at Home and Daniel Karp do not contest that they are employers for purposes of the FLSA, and the Plaintiff demonstrated in its papers why Daniel Karp meets all four factors of the economic realities test. See id ("Under the economic reality test, the relevant factors include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.")(internal quotation marks omitted).

### F.   Issue Six

The Plaintiff seeks judgment as a matter of law with respect to the fact that the defendants violated the recordkeeping provisions of the FLSA by failing to maintain certain records supporting their deductions from employees' wages and by failing to maintain complete records of employees' hours worked.

An employer who makes deductions from the wages of employees pursuant to Section 3(m) of the FLSA for lodging and meals in overtime workweeks, "shall maintain and preserve records substantiating the cost of furnishing" those items for which deductions are made. 29 C.F.R. § 516.27(a). The defendants admit in their opposition that they did not maintain or produce such records. See Defs.' Memo at 7 ("Indeed, the only records Defendants

did not maintain and thus did not produce, which are relevant to
this litigation, are records pertaining to the value determination
of the lodging and meal credits.").

The Plaintiff also maintains that "Defendants have failed to
produce complete records of hours worked, . . . and based on the
Court's order on sanctions cannot now rely on any documents they
failed to produce. . . ."  Plaintiff's Memo in Support, ECF No.
109-1 ("Pl.'s Memo") at 15. The court agrees. While the defendants
assert that they have produced "such records, and Plaintiff itself
relied on those very records when determining the amount of
overtime owed to the employees. . .", Defs.' Rule 56(a)(2)
Statement at ¶40, the defendants do not maintain that they produced
all records of each type, as opposed to merely some records of the
required type. Rather, they argue that the Plaintiff's allegations
in this regard are "wholly immaterial to the actual issues in this
case." Id. But one of the issues in this case is recording keeping
violations. Moreover, the defendants conceded in an email that
they failed to keep records of all hours worked each workday by
each employee. See Decl. of Att'y Fromm, ECF No. 119-2, Ex. A-1 at
2.

G.   **Injunctive Relief**

The Plaintiff requests that the court issue an order
permanently enjoining and restraining the defendants, "their
agents, servants, employees, and those persons in active concert

or participation with them, or acting in their interest and behalf, from violating the provisions of §§ 207, 211, and 215(a)(2) of the FLSA, and [requests]. . . such other and further relief as may be necessary or appropriate, including an order under 29 U.S.C. § 217 restraining Defendants from withholding the payment of overtime compensation found by the Court to be due employees." Pl.'s Memo at 16-7. Based on the court's conclusions set forth above, the request for injunctive relief is being granted.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment (ECF No. 109) is hereby GRANTED. The court will issue a separate injunction order.

It is so ordered.

Dated this 12th day of February 2021, at Hartford, Connecticut.

/s/ AWT
_____
Alvin W. Thompson
United States District Judge
