UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------- x
EUGENE SCALIA, SECRETARY OF              :
LABOR, UNITED STATES DEPARTMENT          :
OF LABOR,                                :
                                         :
        Plaintiff,                       :
                                         :
            v.                           :   Civil No. 3:18-cv-711(AWT)
                                         :
CARE AT HOME, LLC, DANIEL KARP, and      :
SUZANNE KARP,                            :
                                         :
        Defendants.                      :
------------------------------------------------------- x
```

## ORDER AND PERMANENT INJUNCTION

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), moved for partial summary judgment against defendants Care at Home, LLC and Daniel Karp in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA").

The court granted the Secretary's motion for summary judgment on the following aspects of this case:

1) From November 12, 2015 until December 31, 2015, defendants Care at Home, LLC and Daniel Karp failed to pay the required overtime premium to certain of their employees who worked more than 40 hours in a workweek, in violation of Section 7 of the FLSA, 29 U.S.C. § 207;

2) Defendants Care at Home, LLC and Daniel Karp owe their employees back wages in the amount of $19,301.18 for this 2015 overtime violation;

3) Liquidated damages in the amount of $19,301.18 are awarded for this 2015 overtime violation;

4) From January 1, 2016 and through at least October 23, 2016 defendants Care at Home, LLC and Daniel Karp deducted improper amounts from certain employees' wages for meals, in violation of Section 7 of the FLSA, 29 U.S.C. § 207;

5) Defendants Care at Home, LLC and Daniel Karp are employers under Section 3(d) of the FLSA, 29 U.S.C. § 203(d); and

6) Defendants Care at Home, LLC and Daniel Karp violated the recordkeeping provisions of the FLSA, 29 U.S.C. § 211 and the regulations thereunder, by failing to maintain certain records supporting their deductions from employees' wages and failing to maintain complete records of employees' hours worked.

It is, therefore, ORDERED, ADJUDGED, and DECREED that defendants Care at Home, LLC and Daniel Karp, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf be, and hereby are, permanently enjoined and restrained from violating the provisions of the FLSA in any of the following ways:

1) Defendants Care at Home, LLC and Daniel Karp shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employees receive compensation for their employment in excess of forty hours at a rate not less than one and one-half times the employees' regular rates of pay.

2) Defendants Care at Home, LLC and Daniel Karp shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time

amended, pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

In addition, because the court has found that defendants Care at Home, LLC and Daniel Karp's employees are due compensation in the amount of $38,602.36 (consisting of $19,301.18 in gross overtime back wages and $19,301.18 in liquidated damages) as a result of the overtime violations occurring between November 12, 2015 and December 31, 2015, it is ORDERED, ADJUDGED, and DECREED that defendants Care at Home, LLC and Daniel Karp are restrained from withholding payment of said overtime compensation, and are ordered, jointly and severally, to pay said back wages and liquidated damages in accordance with the terms set forth below.

The back wages and liquidated damages provisions of this Order shall be deemed satisfied when Care at Home, LLC and Daniel Karp deliver to the plaintiff payment totaling $19,301.18 in gross back wages, from which deductions for the employees' share of social security and federal withholding taxes will be made by the United States Department of Labor, with no deduction for the employees' state withholding tax, and separate payment totaling $19,301.18 in liquidated damages, none of which is subject to deductions. Defendants Care at Home, LLC and Daniel Karp, jointly and severally, shall further pay the employer's share of FICA to the appropriate authorities for the back wages paid pursuant to this Order after presentation of the United States Department of Labor's quarterly summary of employee payments made.

To comply with the payment provisions set forth above related to back wages and liquidated damages, Care at Home, LLC and Daniel Karp may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. They also have the option to provide to the Secretary certified checks, bank checks, or money orders made payable to "Wage and Hour

Division—Labor," and those checks or money orders shall be mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attention: William Schweizer

Checks or money orders shall have Case No. 1796484 written on the face of the checks or money orders. These payments of back wages and liquidated damages shall be made within 30 days of the entry of this Order.

If Care at Home, LLC and Daniel Karp pay any amounts owed under this Order by check or money order, a copy of said checks or money orders shall be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, 135 High Street, Room 210, Hartford, Connecticut 06103-1111, Attention: Assistant District Director.

Within 10 days of the entry of this Order, Care at Home, LLC and Daniel Karp shall deliver to the United States Department of Labor at the Wage and Hour Division's Hartford, Connecticut address set forth above, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit A to the Complaint in this case, and each employee's current address and social security number (to the extent currently known by the defendants).

The Secretary shall distribute the back wages and liquidated damages to the affected employees listed on Exhibit A to the Complaint. When recovered wages and/or liquidated damages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, the plaintiff shall deposit the wages and/or liquidated damages into the United States Treasury as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

Defendants Care at Home, LLC and Daniel Karp shall not, under any circumstances, solicit

repayment of any amount paid to any employee in connection with this Order. In the event any such amount is received from any employee, Defendants Care at Home, LLC and Daniel Karp shall immediately remit such amount to the United States Department of Labor at the Philadelphia, Pennsylvania address set forth above.

It is so ordered.

Dated this 12th day of February 2021, at Hartford, Connecticut.

                                                                                                                    /s/ AWT_____
                                                                                                                     Alvin W. Thompson
                                                                                      United States District Judge