```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
EUGENE SCALIA, SECRETARY OF      :
LABOR, UNITED STATES DEPARTMENT  :
OF LABOR,                        :
                                 :
          Plaintiff,             :
                                 :
          v.                     :   Civil No. 3:18-cv-711(AWT)
                                 :
CARE AT HOME, LLC, DANIEL KARP,  :
and SUZANNE KARP,                :
                                 :
          Defendants.            :
-------------------------------- x
```

**ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants's Motion for Partial Summary Judgment (ECF No. 116) is hereby DENIED.

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987). Thus, the trial court's task is "carefully limited to discerning whether there are any genuine

issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).

The defendants move for summary judgment on the issue of whether liquidated damages should be assessed for the deduction the defendants took from employees' wages for meals and lodging between January and October of 2016. The defendants' motion is being denied because, as set forth in detail in the plaintiff's opposition, genuine issues of material fact exist, inter alia, as to whether the defendants in fact relied on the State Guidance in determining the amounts of the meal and lodging deductions they took; as to whether the defendants' claimed reliance on such guidance was objectively reasonable; as to whether the defendants in fact were given any information on meal and lodging deductions at the homecare industry meeting in January 2016; as to whether Daniel Karp took active steps to communicate with the representative of the Connecticut Department of Labor, and if so what information was provided to him; and as to whether the

defendants relied on representations from the Wage and Hour Division investigator.

It is so ordered.

Dated this 16th day of February 2021, at Hartford, Connecticut.

                                                                /s/ AWT  
                                                Alvin W. Thompson  
                                      United States District Judge